DIANA GRIBBON MOTZ, Circuit Judge,
dissenting:
With respect, I dissent. The majority seems to me to be correct, except on one point. That point, unfortunately, makes all the difference.
When the district court sentenced Gary Span under the Armed Career Criminal Act, it determined that he had committed three predicate state crimes “on occasions different from one another.” 18 U.S.C. § 924(e)(1). The majority correctly recognizes that the district court relied only on Sfoepard-approved state court documents in making this determination. The majority is also correct that, before the district court decided that Span committed the state crimes on different occasions — a legal conclusion — it made a factual finding that Span committed the crimes on different dates. And the majority correctly acknowledges that we must affirm this finding of fact unless it is clearly erroneous.[1]
Where the majority falters is in concluding that the district court clearly erred in its key factual finding — that Span committed the three predicate state crimes on different dates. The majority reasons that the district court’s reliance on the indictments and plea transcript to resolve conflicting dates in the state court documents was “not a ‘permissible view of the evidence.’ ” Op. at 327 (quoting Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 574,105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)). I cannot agree. Given the evidence before the district court and the deference we must afford facts found by that court, the district court’s determination here was plainly “permissible.”
*334 When sentencing courts engage in fact finding, “[preponderance of the evidence is the appropriate standard of proof.” United States v. Grubbs, 585 F.3d 793, 803 (4th Cir.2009). As the Supreme Court has explained, “[t]he burden of showing something by a preponderance of the evidence ... simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence.” Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602, 622, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993) (internal quotation marks and citation omitted). All the district court needed to find, therefore, was that it was more probable than not that Span committed the three predicate robberies on different dates.
For us to overturn that finding requires a good deal more. Only when we are “left with the definite and firm conviction that a mistake has been committed” may we reverse a district court’s finding of fact. Easley v. Cromartie, 532 U.S. 234, 242, 121 S.Ct. 1452, 149 L.Ed.2d 430 (2001) (internal quotation marks and citation omitted). As long as “the district court’s account of the evidence is plausible in light of the record viewed in its entirety,” we must affirm, even if we are “convinced that ... [we] would have weighed the evidence differently” as the trier of fact. Anderson, 470 U.S. at 573-74, 105 S.Ct. 1504 (emphasis added).
I do not see how the district court’s determination that Span committed the three predicate crimes on three different days is anything less than plausible. Two of the three sets of Shepard-approved documents introduced at sentencing indicate that Span committed the three state crimes at issue here on different days. The indictments state that Span robbed Cash America Pawn on November 17, 1999; Pawn Mart on December 14, 1999; and Pawn Mart again on December 30, 2000. The plea transcript confirms those dates. To be sure, the plea transcript also contains three crossed-out dates. But the only dates now legible on that document match the dates on the indictments. Certainly it is at least plausible that the plea transcript was edited to correct an error, not introduce one.
The dates in the indictments and the plea transcript do conflict with the dates in the judgment, which states that all three robberies at issue here occurred on January 18, 2000. But the fact that there was a discrepancy among the Shepard-approved documents did not prohibit the district court from resolving it. Making factual findings in the face of conflicting testimony, documents, or other evidence is a district court’s bread and butter.
Anderson, on which the majority relies, is particularly instructive on this point. There, a unanimous Supreme Court reversed this court, concluding that we had “misapprehended and misapplied the. clearly-erroneous standard” when we overturned a district court’s factual findings. 470 U.S. at 566, 105 S.Ct. 1504. The Supreme Court explained that the clearly erroneous standard applies “even when the district court’s findings do not rest on credibility determinations, but are based,” as here, on “documentary evidence.” Id. at 574, 105 S.Ct. 1504. That is because “[t]he trial judge’s major role is the determination of fact, and with experience in fulfilling that role comes expertise.” Id. The Court has never retreated from these guidelines, and we are not free to deviate from them.
Here, the district court acknowledged that the dates on the judgment contradicted the dates on the indictments and the plea transcript, but concluded that this was “an error” on the face of the judgment. In *335 reaching that conclusion, the court fairly relied on the fact that two-thirds of the available evidence supported its finding. Perhaps both the indictments and the edited plea transcript are inaccurate, but it is certainly “plausible” that they are both correct. See Anderson, 470 U.S. at 574, 105 S.Ct. 1504. The majority provides no additional reasons, beyond the conflicting dates in the judgment and the fact that the plea transcript was edited, to suggest otherwise.[2]
I too am troubled that the length of Span’s sentence hinged on the district court’s parsing of inconsistent state court documents. In nearly every other instance in which a defendant’s sentence jumps from a Guidelines maximum of thirty-seven months to a mandatory minimum of fifteen years, the Constitution would require a jury to find the fact triggering that increased sentence beyond a reasonable doubt. See Alleyne v. United States, — U.S. -, 133 S.Ct. 2151, 2155, 186 L.Ed.2d 314 (2013). But to the extent the district court’s decision seems unjust, it is because binding precedent tied the court’s hands. See United States v. Archie, 771 F.3d 217, 223 (4th Cir.2014); see also United States v. Thompson, 421 F.3d 278, 285 (4th Cir.2005). In resolving a close factual question, the district court was required to apply a relatively low standard of proof — preponderance of the evidence. Any injustice here is the result of that standard, not a clear error on the part of . the district court in applying it. Accordingly, I dissent.

. And if we do so, 'then we must also affirm Span's sentence because offenses committed on different dates necessarily were committed on different occasions. See United States v. Letterlough, 63 F.3d 332, 337 (4th Cir.1995).

. In response to this dissent, the majority suggests that I would also affirm if the district court had found the "government's evidence was insufficient to sustain its burden of proof." Op. at 332. It seems to me that our role as an appellate court, not empowered to find facts, would require exactly that result. Notably, in Anderson, the Supreme Court concluded that "[bjased on [its] own reading of the record,” it could not determine that either the district court’s "interpretation of the facts” or the Fourth Circuit's contrary interpretation was "illogical or implausible.” 470 U.S. at 577, 105 S.Ct. 1504. This conclusion, however, did not justify the Fourth Circuit’s reversal of the district court given “the appropriately deferential” standard of review. Id. The majority's willingness to reverse here erases the "clear” from the "clear error” standard of review.